**FILED - GR**
February 17, 2010 3:33 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _ald_/_____

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ų/ც

| | |
|---|---|
| Steven VanValkenburg, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Hon. **1:10-cv-152** |
| v. | ) **Gordon J Quist** |
| | ) **U.S. District Judge** |
| **Diversified Adjustment Service,** | ) |
| **Incorporated,** a Minnesota | ) |
| corporation, | ) |
| | ) |
| Defendant. | ) |

**Complaint**

**I.      Introduction**

1.      This is an action for damages, brought against a debt collector for violating the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan

Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

**II.     Jurisdiction**

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C.

§ 1331.  This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28

U.S.C. § 1367.  Venue in this judicial district is proper because the pertinent events took place

here.

**III.    Parties**

3.      Plaintiff Steven VanValkenburg is a natural person residing in Kent County,

Michigan.  Mr. VanValkenburg is a "consumer" and "person" as the terms are defined and/or

1

used in the FDCPA. Mr. VanValkenburg is a "consumer," "debtor" and "person" as the terms are defined/used in the MOC.

4.      Defendant Diversified Adjustment Service, Incorporated ("DAS") is a Minnesota corporation. The registered agent for DAS in Michigan is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. DAS uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. DAS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. DAS is a "debt collector" as the term is defined and/or used in the FDCPA. DAS is licensed (No. 2401000994) by the State of Michigan to collect consumer debts in Michigan. DAS is a "collection agency" and "licensee" as the terms are defined and/or used in the MOC.

**IV.   Facts**

5.      Mr. VanValkenburg had a credit account (No. ****3067) with Sprint/Nextel which he used to obtain goods and/or services for personal, family or household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6.      The original creditor or a successor in interest claimed that the debt was not paid and hired DAS to collect the allegedly delinquent debt.

7.      Alternatively, DAS purchased the debt after the account allegedly became delinquent.

8.      Mr. VanValkenburg disputes the debt.

9.      Mr. VanValkenburg refuses to pay the debt.

2

10.    In or about January 2010, DAS telephoned Mr. VanValkenburg and left the following pre-recorded and computer-generated message on Mr. VanValkenburg's voice mail: "Hello. I'm calling about personal business for Steve VanValkenburg. Please have Steve VanValkenburg call me back as soon as possible at the following number, 800-474-3743. Again, my number is 800-474-3743."

11.    The message left by DAS on Mr. VanValkenburg's voice mail conveyed information regarding a debt directly or indirectly to Mr. VanValkenburg.

12.    The message left by DAS on Mr. VanValkenburg's voice mail was a "communication" as the term is defined and/or used in the FDCPA and MOC.

13.    The message left by DAS on Mr. VanValkenburg's voice mail did not disclose in the message that the telephone call was from a debt collector.

14.    By failing to disclose in a message left by DAS on Mr. VanValkenburg's voice mail that the caller was a debt collector, DAS violated the FDCPA, 15 U.S.C. § 1692e(11).

15.    When DAS left the message on Mr. VanValkenburg's voice mail, DAS was aware or should have been aware of multiple published federal district court opinions in which the courts held that it is unlawful for a debt collector to leave a recorded message for a debtor/consumer without identifying itself as a debt collector. *See Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F.Supp.2d 1156 (N.D. Cal. 2003); *Hosseinzadeh v. M.R.S. Associates, Inc.,* 387 F.Supp.2d 1104 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.,* 424 F.Supp.2d 643 (S.D.N.Y. 2006).

16.    DAS is a member of ACA International ("ACA").

17.    ACA is a trade group for debt collectors. According to the ACA website

3

(www.acainternational.org), DAS has been a member of ACA since 1982.

18.     Over the past two or more years, ACA sent multiple writings to its members, including DAS, discussing the various federal district court opinions in which the respective federal courts held that it is unlawful for a debt collector to leave a recorded message for a debtor/consumer without identifying itself as a debt collector.

19.     DAS has been sued in the past for allegedly leaving a recorded message for a debtor/consumer without identifying itself as a debt collector in violation of the FDCPA.

20.     In January 2010, it was the practice of DAS in connection with the collection of debts to leave a recorded message on the consumer's voice mail or telephone answering machine without disclosing in the message that the telephone call was from a debt collector.

21.     In January 2010, DAS when telephoning consumers in connection with the collection of a debt left a pre-recorded message on the consumer's voice mail or telephone answering machine which message failed to disclose that the caller was a debt collector.

22.     The message left by DAS on Mr. VanValkenburg's voice mail conveyed did not disclose in the message that the telephone call was from DAS.

23.     The message left by DAS on Mr. VanValkenburg's voice mail conveyed did not disclose in the message the name of the company that was making the telephone call.

24.     DAS left a message on Mr. VanValkenburg's voice mail that did not include a meaningful disclosure of the caller's identity, which violated the FDCPA, 15 U.S.C. § 1692d(6).

25.     In January 2010, it was the practice of DAS in connection with the collection of debts to leave a message on the consumer's voice mail or telephone answering machine without disclosing in the message that the telephone call was from DAS.

4

26.     In January 2010, it was the practice of DAS in connection with the collection

of debts to leave a message on the consumer's voice mail or telephone answering machine

without disclosing in the message the name of the company that was making the telephone call.

27.     The message left by DAS on Mr. VanValkenburg's voice mail did not reveal the

purpose of the telephone call.

28.     The message left by DAS on Mr. VanValkenburg's voice mail concealed the

purpose of the telephone call.

29.     The recorded message left by DAS on Mr. VanValkenburg's voice mail concealed

or did not reveal the purpose of the communication, which violated the MOC, M.C.L. §

339.915(e).

30.     In January 2010, it was the practice of DAS in connection with the collection of

debts to leave a recorded message on the consumer's voice mail or telephone answering machine

which message concealed or did not reveal the purpose of the communication.

31.     In the one-year period immediately preceding the filing of this complaint, DAS

left recorded messages on the voice mail or telephone answering machine of more than one

hundred consumers residing within the State of Michigan, failing to disclose in the message that

the communication was from a debt collector.

32.     In the one-year period immediately preceding the filing of this complaint, DAS

left recorded messages on the voice mail or telephone answering machine of more than one

hundred consumers residing within the State of Michigan, without making a meaningful

disclosure in the message of the caller's identity.

33.     In the one-year period immediately preceding the filing of this complaint, DAS

left recorded messages on the voice mail or telephone answering machine of more than one hundred consumers residing within the State of Michigan, without stating in the message that the telephone call was from DAS.

34.     In the one-year period immediately preceding the filing of this complaint, DAS left recorded messages on the voice mail or telephone answering machine of more than one hundred consumers residing within the State of Michigan, which messages concealed or did not reveal the purpose of the telephone call.

35.     In February 2010, Mr. VanValkenburg's wife spoke by telephone with a DAS employee. The DAS employee stated that DAS had called in an effort to collect a debt for Spring/Nextel. Mrs. VanValkenburg stated that Mr. VanValkenburg disputed the debt. The DAS employee stated that in order to dispute the debt, Mr. VanValkenburg was required to dispute the debt in writing and that Mr. VanValkenburg was required to give a reason why he was disputing the debt.

36.     The FDCPA does not require the consumer to provide *any reason at all* in order to dispute a debt. *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002); (*Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a 'valid' reason to dispute the debt is inconsistent with FDCPA); *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *Frey v. Satter, Beyer & Spires*, 1999 WL 301650 (N.D. Ill. May 3, 1999); *DeSantis v. Computer Credit, Inc.,* 269 f.3d 159 (2nd Cir. 2001); *Mejia v. Marauder Corporation,* 2007 WL 806486

(N.D. Cal. 2007) (unlawful to suggest that proof of payment required for dispute). The FDCPA allows the consumer to orally dispute a debt. *Brady v. The Credit Recovery Company, Inc.,* 160 F.3d 64 (1st Cir. 1998). The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time.

37.     The DAS employee made false statements regarding the rights of a consumer to dispute a debt as afforded by the FDCPA.

38.     The DAS employee wrongfully represented or implied that to dispute the debt, Mr. VanValkenburg was required to dispute the debt in writing.

39.     The DAS employee wrongfully represented or implied that to dispute the debt, Mr. VanValkenburg was required to provide DAS with a reason for the dispute.

40.     The acts and omissions of DAS and its employee done in connection with efforts to collect a debt from Mr. VanValkenburg were done wilfully.

41.     DAS wilfully violated the FDCPA and MOC.

42.     As an actual and proximate result of the acts and omissions of defendant and/or its employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, embarrassment, stress, mental anguish, emotional stress, and suffering for which he should be compensated in an amount to be established by jury and at trial.

**V.     Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

43.     Plaintiff incorporates the foregoing paragraphs by reference.

44.     Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

a)   Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural
     consequence of which is to harass, oppress, or abuse a person in connection with
     the collection of a debt;

b)   Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading
     representations and means in connection with the collection or attempted
     collection of a debt; and

c)   Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means
     to collect or attempt to collect a debt from plaintiff.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b)   Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d)   Such further relief as the court deems just and proper.

### Count 2– Michigan Occupational Code

45.  Plaintiff incorporates the foregoing paragraphs by reference.

46.  Defendant has violated the MOC. Defendant's violations of the MOC

include, but are not necessarily limited to, the following:

a)   Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading,
     untrue, or deceptive statement or claim in a communication to collect a debt;

b)   Defendant violated M.C.L. § 339.915(e) by concealing or not revealing the
     purpose of a communication when it is made in connection with collecting a debt;

c)   Defendant violated M.C.L. § 339.915(g) by communicating with a debtor without

accurately disclosing the caller's identity; and

d) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: February 17, 2010

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com